**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ELLIOTT PAYNE RILEY, | § | |
| (TDCJ-CID #784600) | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-11-4282 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Elliott Payne Riley, seeks habeas corpus relief under 28 U.S.C. § 2254. Riley filed a motion for permission to file a successive petition. He is challenging his 1997 conviction for aggravated assault. (Docket Entry No. 1). Riley explains that he has suffered from a mental illness since 1977, which prevented him from filing his previous federal habeas petition correctly. (Docket Entry No. 1, p. 5).

A review of the file reveals that this motion must be filed with the Court of Appeals, not this court. It is denied without prejudice, for lack of jurisdiction.

Court records show that Riley was convicted of aggravated assault on April 17, 1997 and sentenced to a 25-year prison term. (Cause Number 737473). The Fourteenth Court of Appeals affirmed Riley's conviction on September 9, 1999. The Texas Court of Criminal Appeals refused his petition for discretionary review on February 23, 2000.

Riley filed a federal petition challenging this conviction on March 11, 2003, in Civil Action Number 4:03-0907. On November 9, 2004, the federal court dismissed the petition as barred by limitations. The dismissal based on the statute of limitations was a final adjudication on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989).

Several courts have held that a dismissal based on limitations is an adjudication on the merits for the purpose of the rules on second or successive petitions. *See Villanueva v. United States.*, 346 F.3d 55,61 (2nd Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Parker v. Dinwiddie*, 2007 WL 4290003 (10th Circ. 2007); *In re Flowers*, 595 F.3d 204 (5th Circ. 2009).

This court lacks jurisdiction to consider Riley's petition or his request for permission to file it. The petition is a successive application governed by the amendments to the AEDPA requiring that the court of appeals authorize the district court to consider the application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Riley must file a motion in the United States Court of Appeals for the Fifth Circuit seeking authorization for this court to consider his successive  habeas application. He has not yet done so. Riley's motion is dismissed for lack of jurisdiction.  Any remaining pending motions are denied as moot.

A certificate of appealability will not issue with this ruling.  The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

2

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d

317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Riley has not made the necessary showing.

SIGNED on January 9, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3